IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAMAR BALDWIN #43411-037
    Petitioner                             :

  v.                                   :    CIVIL ACTION NO. JFM-13-2006
                                                     CRIMINAL NO. JFM-08-0117

UNITED STATES OF AMERICA     :
    Respondent

**MEMORANDUM**

Background

On March 13, 2008, Tamar Baldwin was indicted in this court with one count of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) and (f) (Count One); one count of use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two); possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Counts Three and Four); and one count of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (Count Five). Baldwin entered a guilty plea to the first two counts and on December 9, 2008, was sentenced to 156 months of imprisonment as to Count One and a consecutive 84 months as to Count Two, for aiding and abetting his co-defendant's brandishing of a firearm during the robbery. The 240-month term of imprisonment was to be followed by a five-year term of supervised release.

On appeal, Baldwin argued that (1) the court erred in giving him an enhanced sentence for the § 924(c) offense based on his co-defendant's brandishing, (2) he was not a career offender, and (3) that his sentence was unreasonable. ECF 58; *Baldwin v. United States*, 347 Fed. Appx. 912 (4th Cir. 2009). On October 16, 2009, the Fourth Circuit denied Baldwin's appeal and on December 1, 2009, denied Baldwin's motion for a rehearing and a rehearing en banc. On

October 4, 2010, the Supreme Court denied Baldwin's writ of certiorari. *See Baldwin v. United States*, 131 S. Ct. 69 (2010).

On September 9, 2011, Baldwin requested additional time of ninety days in which to file a motion to vacate, set aside, or correct sentence, and acknowledged that his one-year limitations period for seeking such relief would expire on October 4, 2011. ECF No. 90. The request was not ruled upon. On June 3, 2013, he again requested additional time, this time to file an "appeal," claiming he was held in a special management unit from June 29, 2011 through April 30, 2012, and thereafter in transit to other facilities through December 13, 2012, without access to his legal materials. ECF No. 98.[1] On June 25, 2013, the undersigned granted Baldwin an additional 30 days to file his "appeal." ECF No. 100.

On July 3, 2013, Baldwin filed the instant motion to vacate, set aside, or correct sentence, alleging (1) the district court incorrectly applied a sentencing enhancement for "brandishing" a firearm, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) as there was no basis for the enhancement in the agreed upon and uncontested factual stipulation, and (2) he was incorrectly sentenced as a career offender, pursuant to U.S.S.G. § 4B1.1 because his prior conviction of second-degree assault in Maryland state court was not categorically violent.

He contends his first and second issues are timely because his motion to vacate was filed within one year of the Supreme Court's June 2013 *Alleyne*[2] and *Descamps*[3] decisions, which he

---

[1] Based on the docket sequences, it appears the first request for a ninety-day extension was not properly docketed until the June 3, 2013, request was received. Although Baldwin references an "appeal" in his second extension request, it would seem that he sought the additional time in order to file a motion to vacate pursuant to 28 U.S.C. § 2255.

[2] *See Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151 (June 17, 2013) (because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" of the crime that must be submitted to the jury). The Supreme Court has not stated whether this decision applies retroactively on collateral review.

[3] *See Descamps v. United States*, __ U.S. __, 133 S.Ct. 2276 (June 20, 2013) (clarifying the test for determining

argues created newly recognized rights that are applicable to cases on collateral review pursuant to 28. U.S.C. § 2255(f)(3) and (4).

In his motion to vacate, Baldwin also raised a plethora of ineffective assistance of counsel claims. Although these claims are raised for the first time outside the one-year limitations period, Baldwin attributes the delay to the problems he experienced with obtaining access to legal materials while in transit.

Respondent contends that Baldwin's § 924( c) claim is procedurally barred because it was raised, considered, and rejected on direct appeal. Respondent also argues that Baldwin's § 924( c) claim is not subject to re-examination under the new rule of law announced this summer by the Supreme Court in *Alleyne,* and that the claim is factually meritless.

Respondent further argues that Baldwin's career offender claim is untimely under 28 U.S.C. § 2255(f)(3) despite the recent rulings in *Descamps* and *United States v. Royal*, 731 F.3d 333 (4th Circuit October 1, 2013) and that his ineffective assistance of counsel claims likewise cannot be considered due to the expiration of the limitations period set forth in 28 U.S.C. § 2255.

Analysis

With regard to Baldwin's claim of improper enhancement under § 924( c), the undersigned notes the issue was affirmed on appeal, the appellate court finding that "the evidence was sufficient for the district court to determine that Baldwin intentionally aided and abetted [his co-defendant's] brandishing of the firearm, and that Baldwin is subject to a consecutive seven-year sentence for the § 924(c) conviction." *Baldwin*, 347 Fed. Appx. at 913. Reexamination of the issue under § 2255 is thus procedurally barred, *see United States v. Linder,*

---

whether a prior conviction constitutes a violent felony under the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(2)(B)(ii). Federal sentencing courts may no longer apply a "modified categorical approach" to determine whether prior offense was a violent felony when the crime has a single, indivisible set of elements). The Supreme Court has not declared *Descamps* retroactive on collateral review.

3

552 F.3d 391, 397 (4th Cir. 2009), and in any event the claim has been filed well outside the one-year limitations period. Furthermore – to the extent it is not inapposite to the facts of this case – reliance on *Alleyne* provides Baldwin no basis for relief. The Supreme Court has not stated whether *Alleyne* applies retroactively to collateral review. The federal appellate courts that have addressed this question have ruled that *Alleyne* establishes a new rule of law, but that law was not made retroactively applicable by the Supreme Court to cases on collateral review. *See United States v. Stewart,* 2013 WL 5694799 (4th Cir. September 17, 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. July 10, 2013); *In re Payne,* _ F.3d_, 2013 WL5200425 *2 (10th Cir. September 17, 2013); *United States v. Redd*, 2013 WL 5911428 (2d Cir. November 5, 2013).

Baldwin fares no better with regard to his career offender claim that he was incorrectly sentenced under U.S.S.G. § 4B1.1 because his prior conviction of second-degree assault in Maryland state court was not categorically a crime of violence. It is true that the Fourth Circuit has interpreted the Supreme Court's holding in *Descamps* to mean that Maryland's second-degree assault statute is facially indivisible and is not categorically a crime of violence. *See United States v. Royal*, 731 F,3d 333, 340-41 (4th Cir., October 1, 2013). However, *Descamps* – and by extension, *Royal* – are not retroactive,[4] and do nothing to salvage Baldwin's untimely motion to vacate pursuant to 28 U.S.C. § 2255(f)(3).[5]

---

[4] *See e.g., Randolph v. United States*, 2013 U.S. Dist. LEXIS 158708 (D. Md. Nov. 6, 2013) (Blake, J.) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoe v. United States*, 2013 U.S. Dist. LEXIS 148530 (N.D. Ala. Oct. 16, 2013) ("The Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, nor has the court found any cases applying *Descamps* retroactively to cases on collateral review."); *Landry v. United States*, 2013 U.S. Dist. LEXIS 144368 (W.D. Tex. Oct. 4, 2013); *United States v. Canales*, 2013 U.S. Dist. LEXIS 136068 (S.D. Tex. Sept. 24, 2013); *United States v. Riggs*, 2013 U.S. Dist. LEXIS 131788 (D. Kan. Sept. 16, 2013); *Strickland v. English*, 2013 U.S. Dist. LEXIS 119371, 2013 WL 4502302, *8 (N.D. Fla. Aug. 22, 2013); *United States v. Glover*, 2013 U.S. Dist. LEXIS 113989, 2013 WL 4097915, at *3 (N.D. Okla. Aug. 13, 2013).

[5] That section provides that § 2255's one-year limitations period runs on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Baldwin's ineffective assistance claims are clearly time-barred. While it is true that Baldwin moved for an extension of time several weeks before the October 4, 2011, expiration of the limitations period, he failed to inquire as to the status of his motion (which was neither addressed nor granted), and did not contact the court again to seek more time to file an "appeal" until June 3, 2013. He offers no detailed explanation why his alleged circumstances prevented him from filing a motion to vacate, nor why he allowed more than twenty months to elapse (from September 9, 2011 until June 3, 2013) before again writing this court. Equitable tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, Baldwin must demonstrate 1) extraordinary circumstances, 2) beyond his control or external to her own conduct, 3) that prevented him from filing on time. *Id.* He bears the burden of proving that equitable tolling is warranted, *id.,* and must also show that he diligently pursued his rights, *see Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2562 (2010). Baldwin's lack of diligence negates any plea for equitable tolling of the limitations period, and the instant motion to vacate – including his claims of ineffective assistance of counsel -- shall be dismissed as time-barred.

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). The instant case provides no basis for issuance of a certificate of appealability. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at §2253(c)(2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting

*Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Baldwin has not met this burden.

A separate order shall be entered in accordance with this memorandum.

November 25, 2013            ___/s/_____
(Date)                                    J. Frederick Motz
                                             United States District Judge